**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-10718
(Summary Calendar)

EXPRESS ONE INTERNATIONAL, INC.,

Plaintiff-Appellant,

v.

NATIONAL MEDIATION BOARD; ET AL.,

Defendants,

NATIONAL MEDIATION BOARD,

Defendant-Appellee,

----------------------------

INTERNATIONAL BROTHERHOOD OF TEAMSTERS AFL-CIO,

Plaintiff-Appellee,

v.

EXPRESS ONE INTERNATIONAL, INC.,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(3:98-CV-2198-M)

March 26, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

This labor dispute involves the question whether the National Mediation Board ("the Board") properly investigated irregularities alleged by Appellant Express One International, Inc. ("the Carrier") to have occurred during the period leading up to the organizing election by the airline pilots of the Carrier in which the pilots ultimately voted to be represented by the International Brotherhood of Teamsters ("the Union"). The Carrier appeals the district court's grant of summary judgment (1) denying Express One's claims for (a) declaratory relief based on allegations that the election results were improperly certified and (b) injunctive relief mandating that a new election be held; and (2) granting the motion of the Union to compel the Carrier to bargain with it as mandated by the Railway Labor Act.

Some time before the balloting, the following message was posted under the screen name "ExpresOne" on the aviation bulletin board of American Online: "For you local union supporters, I'd be watching your backs. We know who most of you are posting the anti-company prop[a]ganda. We're not stupid." The Carrier contends that this wholly unauthorized message created a backlash that adversely affected the election because, despite the Carrier's protestations of non-authorship, it was not until after the election that the

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. Rule 47.5.4.

Carrier was able to determine and prove that the message had been authored by a disgruntled former Express One pilot. Essentially, the Carrier claims that the Board failed adequately to investigate this election irregularity and thereby violated its duty to investigate any disputes as to the results of an election.[1]

The Board declined to investigate the source of the message prior to the election despite numerous requests by the Carrier to do so. After the election, the Board conducted a "paper" investigation, reviewing briefs from both the Carrier and the Union. The Board concluded that the Carrier had failed to make a prima facie case of election interference, finding that the impact of message was not sufficient to cast doubt on the legitimacy of the election.

On appeal, the district court examined the parties' claims in light of the deference accorded to decisions of the Board, limiting the court's review to the narrow question whether there had been an egregious violation of a specific provision of the RLA. Under that standard, the district court examined only "whether the [NMB] did in fact conduct the investigation."[2] Concluding that the Board had done so, the district court granted summary judgment against the Carrier, and it appeals to us.

We have carefully and fully considered the record on appeal

---

[1] See 45 U.S.C. § 152 Ninth (West 2000).

[2] Russell v. National Mediation Board, 714 F.2d 1332 (5th Cir. 1983).

and the briefs of counsel as well as the thorough opinion of the district court. Viewing the Board's performance of the duties delegated to it by Congress with the deference that courts accord it, we are satisfied that summary judgment was properly granted. We therefore affirm the judgment of the district court for essentially the same reasons set forth in its comprehensive opinion.

AFFIRMED.

S:\OPINIONS\UNPUB\00\00-10718.0
4/29/04  8:11 am